729 A.2d 1064 (1999)
Paul SZELES, Plaintiff-Appellant,
v.
Joseph VENA, Defendant, and Joseph DeVirgilio, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued May 3, 1999.
Decided June 2, 1999.
*1065 David J. Ades, Matawan, for plaintiff-appellant.
John C. Prindiville, Brick, for defendant-respondent (Mauro Barry & Prindiville, attorneys; Mr. Prindiville, on the brief).
Before Judges PETRELLA and COLLESTER.
The opinion of the court was delivered by PETRELLA, P.J.A.D.
The issue in this case is whether a landlord who rents a single-family home to a tenant who is given exclusive control of the premises under an oral lease is obligated to inspect and repair the premises and be potentially liable for damages where the tenant injures himself on the premises. Plaintiff Paul Szeles entered into an oral month-to-month lease agreement in February 1989 with codefendant Joseph Vena for premises at 414 South Laurel Avenue in West Keansburg. The agreed rental was $1,100 per month for this single-family home built approximately fifteen years earlier. The premises were owned by three partners, including codefendants Joseph Vena and Joseph DeVirgilio (landlord). Szeles and his brother Robert were the sole residents on the premises.
About three years into the lease, plaintiff allegedly sustained injuries as a result of a fall on an exterior staircase when a brick allegedly came loose. Plaintiff filed suit claiming the landlord breached the duties of care and implied warranty of habitability. The Law Division judge granted summary judgment in favor of defendants, essentially relying on Patton v. Texas Co., 13 N.J.Super. 42, 80 A.2d 231 (App.Div.), certif. denied, 7 N.J. 348, 81 A.2d 522 (1951).
On appeal, plaintiff argues that the motion judge (1) erred in holding that an alleged oral agreement that defendants repair the demised premises did not give rise to a duty of reasonable care to guard against foreseeable dangers from future defects in the front steps; (2) erred in relying on Patton v. Texas Co. as still being viable after Marini[1] and Berzito;[2] and (3) failed to consider the evolution of the case law since Patton was decided.
On March 21, 1992, at about 9:00 p.m., plaintiff allegedly injured his lower back when he fell on a loose brick on an exterior staircase of the single-family residence he leased from defendants. According to the plaintiff, the weather was clear and cold and there was an outdoor light which was not turned on at the time of the accident. About thirteen months later plaintiff instituted suit against the landlord on negligence and breach of warranty grounds. On defendant's motion for a summary judgment, plaintiff asserted that the landlords were obligated under the oral lease to make all necessary repairs to the demised premises, including the exterior stairs. According to plaintiff's brother's deposition testimony, on one occasion one of the defendants removed wood and other debris from outside of the home. In interrogatory answers, however, plaintiff indicated:
Defendant never had a certificate of occupancy for the premises, never inspected the premises while plaintiff occupied the house, and failed to respond to any and all of plaintiff's requests for repairs of defective conditions on the premises.
Defendant asserted that as part of the oral lease plaintiff was obligated to maintain the property, including making all repairs, and that a $200 monthly discount in rent was agreed upon for the plaintiff's agreement to maintain the premises and make repairs.
It is undisputed that at no time prior to the accident did the plaintiff notice the brick or the step in question being loose. As to the conditions of the steps, the plaintiff's brother did testify at his deposition that the steps appeared "old [and] *1066 cracked" and in a general state of disrepair. He also stated:
Well, there was cracks running through the cement. There was cracks between the bricks and cement, because there is red bricks and there a cement and bricks, there is cement between it, and there is gaps in some of them. Also the railings were rusty. Especially down the bottom where they were connected to the steps and all. In addition, plaintiff also acknowledged that at no time before the fall did he ever contact the landlord with respect to any request to repair the stairs.[3] Plaintiff claims that no notice was given because he only noticed the defect at the time of the fall and even if he had notified the landlord of any defect, plaintiff argues that any request to repair would have been futile because the landlord never took care of requests to repair a leaky faucet, a broken attic door, a broken sliding glass door, and other items. Most significantly, plaintiff claims that constructive notice should apply because of a claimed continuing duty of the landlord to inspect the premises. Plaintiff also asserted that the front steps were open to the public and easily accessible for inspection by anyone walking in front of the home, especially one of the owners of the property who worked in a tavern across the street.[4]
In deciding the case the motion judge concluded that it was unnecessary to determine the parameters of the oral lease between plaintiff and landlord and whether or not there was any consideration in the monthly lease amount for the plaintiff making repairs. The judge viewed the case as one involving the extent of the landlord's duty to a tenant once the premises were rented. The judge also observed that even if there was a duty to repair, that could only be triggered when the tenant put the owners on notice of the condition.
Judge Coogan, in granting defendant's request for summary judgment, relied on the standard in Pattern v. Texas Co. (discussed hereinafter) as continuing to be "good law," saying:
If over time, Patton has been expanded, and I suggest that it has not, notwithstanding a fairly liberal view taken by our courts, both at the Appellate Division level and the Supreme Court, on tenant recovery, even if Patton has been expanded to require some duty to repair, the duty is not triggerable until notice of the condition has been given by the tenant to the landlord, And here, there has been no prior notice given by Mr. Szeles to the landlord regarding the condition that ultimately led to his injury.....
And my view is that Patton remains good law, and in so many words it says, that there is no liability that devolves upon a landlord for injuries that are sustained by a tenant, where it is the condition of the premises that leads to the injury, save that instance in which there has been a fraudulent concealment of a latent defect. That's not here in this case.
The judge held that under these circumstances no duty would be imposed upon the landlord, and if one were, it is of no consequence saying:
I do not think any antecedent history between Szeles and either Vena or De-Virgilio, could create a pattern whereby the concept of duty to inspect has been created.
I am satisfied there was no duty, and if there was a duty, it only became operative upon notice, and there was none *1067 here. I'll grant the motion for summary judgment.
At common law a landlord was not liable to his lessee for physical harm caused by a dangerous condition existing on the land when the lessee took possession. Restatement (Second) of Torts § 356 (1965); W.P. Keeton, Prosser & Keeton on the Law of Torts § 63 at 400 (5th ed.1984). See also Michaels v. Brookchester, Inc., 26 N.J. 379, 382, 140 A.2d 199 (1958); Faber v. Creswick, 31 N.J. 234, 238, 156 A.2d 252 (1959); Coleman v. Steinberg, 54 N.J. 58, 62-63, 253 A.2d 167 (1969). Over time, the general rule was modified to make a landlord liable in certain circumstances for injuries resulting from dangerous conditions on leased premises. Restatement (Second) of Torts §§ 357-362 (1965).
In Patton v. Texas Co., supra (13 N.J.Super. 42, 80 A.2d 231), the tenant leased the entire premises consisting of a single-family dwelling, and despite the tenant's request, the landlord refused to make some repairs to the exterior concrete steps leading to the sidewalk. The plaintiff, a guest in the leased dwelling, fell as he was descending the steps when "his foot gave" on a defective step. The landlord had not contracted to make repairs. Then Judge (later Justice) Brennan, writing for the court, said that the landlord was not liable to the guest for the injuries sustained. He wrote:
The established general rule in this State is that upon the letting of a house and lot there is no implied warranty or condition that the premises are fit and suitable for the use to which the lessee proposes to devote them and the landlord is therefore under no liability for injuries sustained by the tenant or the tenant's invitee by reason of the ruinous condition of the demised premises unless there has been fraudulent concealment of a latent defect. [citations omitted.]
[Id. at 47, 80 A.2d231.]
The holding in Patton is consistent with Restatement (Second) of Torts § 355 (1965), which reads:
§ 355 CONDITIONS ARISING AFTER LESSOR TRANSFERS POSSESSION; General Rule.
Except as stated in §§ 357 and 362, a lessor of land is not subject to liability for bodily harm caused to his lessee or others upon the land with the consent of the lessee or sub-lessee by any dangerous condition which comes into existence after the lessee has taken possession. Sections 357-362 set forth a number of exceptions to the general rule, namely, § 357 where the lessor contracts to repair, § 358 where the lessor knows of a dangerous condition on the property but fails to disclose it to the lessee, § 359 where the property is leased for purposes involving public admission, § 360 where parts of the land are controlled by the lessor, although the lessee is entitled to their use, and § 362 where the lessor has been negligent in making repairs. In these situations, the landlord is to be held liable to the tenant for resulting harm. None of those sections apply here.
The issue before us is the extent of any erosion in the broad general rule expressed in Patton by subsequent cases. There have been obvious inroads with respect to tenancy situations, particularly involving multi-family dwellings.
More recent cases have held that residential leases carry an implied warranty or covenant of habitability. Berzito v. Gambino, supra (63 N.J. at 466, 308 A.2d 17); Marini v. Ireland, supra, (56 N.J. 130, 265 A.2d 526). Our reading of Marini and Berzito, however, convinces us that the implied warranty of habitability is therein limited. To that extent an additional exception to Restatement (Second) of Torts § 355 has been created.
Significantly, Marini only held that the breach of an implied warranty of habitability or covenant to repair could be used by a tenant in defense of an eviction action where defects have been asserted as a defense to nonpayment of rent or as a basis for withholding of rental payments. 56 N.J. at 144, 265 A.2d 526. Thus, in *1068 Dwyer v. Skyline Apartments, Inc., 123 N.J.Super. 48, 55, 301 A.2d 463 (App.Div.), aff'd o.b., 63 N.J. 577, 311 A.2d 1 (1973), we held that the Marini concept was not intended to overturn existing principles of law applicable to tort actions for personal injuries by tenants against landlords. As we stated in Dwyer:
If the law is to be changed in that direction through a major extension of the rationale expressed in Marini [ ] such determination is within the province of the Supreme Court, [and not this court]. 123 N.J.Super. at 55, 301 A.2d 463.
We do not read those cases, or subsequent cases involving the same issue, to extend their limited holding to the rental of a single-family residence and the surrender of the control of that residence to patent defects existing either at the inception of a leasehold or arising during the leasehold of which the tenant becomes or should be aware. Here, it seems fairly obvious, despite plaintiff's attempt to characterize the claimed defect in the step as latent, that any defect involving these steps and their condition was patent. According to information available at the time of the motion, the appearance of the steps and condition of the bricks and the mortar in between them was obvious. There were references to cracks and moss growing between the bricks. This was clearly not a concealed condition. It was also not a condition that had been brought to the attention of the landlord or for which the landlord should be charged with notice this long after the lease inception date. There is also no indication in the record of when the brick on the step came loose, and whether it came loose because of the elements, wear or tear, or the action of some third party.
The rule of law expressed in the Patton case as it applies to patent defects has existed since 1951. Our Supreme Court has not modified or rejected that rule as it applies to a situation involving facts or a claim such as in the case before us. Therefore, we leave any change of the law of such a substantial nature for consideration by that Court and adhere to the rule of law as expressed in Patton. See Rodriguez v. Cordasco, 279 N.J.Super. 396, 405, 652 A.2d 1250 (App.Div.), certif. denied, 142 N.J. 451, 663 A.2d 1358 (1995); and Namm v. Charles E. Frosst & Co., 178 N.J.Super. 19, 35, 427 A.2d 1121 (App.Div. 1981).
In view of the absence of any showing in the record of actual or constructive notice of any alleged dangerous condition in 1992 with regard to the steps, summary judgment was appropriate. Brill v. Guardian Life Insurance of America, 142 N.J. 520, 666 A.2d 146 (1995).
In summary, because the allegations of plaintiff's complaint do not invoke any exception to the general rule, there is no reason not to apply that rule here. The complaint alleged a defect that was readily discoverable. Moreover, there was no allegation of fraudulent concealment by the landlord, or any undertaking by the landlord to repair.
We thus conclude that where plaintiff was in exclusive possession of the premises and the condition of the brick step was not a condition that was known to the landlord at the inception of the lease, or brought to the landlord's attention, there is no basis to impose tort liability on the landlord. Cf. Dowler v. Boczkowski, 148 N.J. 512, 524, 691 A.2d 314 (1997).
Affirmed.
NOTES
[1] Marini v. Ireland, 56 N.J. 130, 265 A.2d 526 (1970).
[2] Berzito v. Gambino, 63 N.J. 460, 308 A.2d 17 (1973).
[3] Repairs were subsequently made to the front steps, but that fact is generally inadmissible as to liability. N.J.R.E. 407.
[4] It was asserted that all three of the owners are familiar with the construction business, with one of the landlords apparently employed as a municipal building inspector.