**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0902-20

CHARLES STENGER and
DEBORAH STENGER,

     Plaintiffs-Appellants,

v.

BULENT KOROGLU,

     Defendant-Respondent.

_____

Submitted October 28, 2021 – Decided January 24, 2022

Before Judges Whipple, Geiger, and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-8711-18.

Lane M. Ferdinand, PC, attorney for appellants (Lane M. Ferdinand, on the briefs).

Murray A. Klayman, attorney for respondent.

PER CURIAM

     Plaintiffs, Charles and Deborah Stenger, appeal from a November 18, 2020 Law Division order granting summary judgment in favor of their landlord,

defendant Bulen Koroglu, and dismissing their personal injury lawsuit. This matter arises from a trip and fall that occurred on the bottom step of the stairway to plaintiffs' leased residence. The complaint alleges that the landlord failed to warn them of a latent defect in the stairway. Judge Gregg A. Padovano found that under the lease, plaintiffs were exclusively responsible for the stairway's upkeep. The judge also found, based on undisputed facts and "[g]ranting every inference to [p]laintiff as the non-moving party[,] . . . [that] [p]laintiffs were aware of the condition of the stairs and any associated risk of harm posed by that condition before the accident." After carefully reviewing the record in light of the governing legal principles and arguments of the parties, we agree. We affirm the grant of summary judgment substantially for the reasons explained in Judge Padovano's thorough and cogent written opinion.

We need only briefly recount the pertinent facts adduced in the course of discovery. Plaintiffs leased the single-family residential dwelling and took possession on September 15, 2014. They are the exclusive tenants. Charles Stenger's fall and injury occurred on January 19, 2017, more than two years after they took possession. Plaintiffs used the interior stairway on a daily basis, traversing the stairs "hundreds, if not thousands of times . . . without incident." They routinely cleaned the stairway's handrails and had even painted the risers

of the stairs on multiple occasions during their tenancy. Defendant-landlord, in contrast, made no alterations or repairs to the stairway during the tenancy period.

Plaintiff Charles Stenger testified that while descending the stairway, his right foot was on the second step, but "it just didn't fit right"; his left leg "missed the bottom step tread and jammed on the foyer," causing him to fall. Plaintiffs produced an expert report that found that the stairway had variations in the height and width of the stair treads. The expert opined those variations violated the building code and constituted a "hidden defect." No evidence was presented, however, to suggest that defendant either affirmatively or constructively concealed the alleged dangerous condition.

Plaintiffs raise the following contention for our consideration:

> THE TRIAL COURT ERRED IN DECIDING A GENUINE ISSUE OF MATERIAL FACT AND GRANTING SUMMARY JUDGMENT BELOW.

Because we affirm for the reasons explained in Judge Padovano's written opinion, we need not address plaintiff's arguments at length but add the following comments. We review orders granting summary judgment de novo and apply the same standard at the trial court. Lee v. Brown, 232 N.J. 114, 126 (2018). Summary judgment will be granted if, viewing the evidence in the light most favorable to the non-moving party, "there is no genuine issue of material

fact and 'the moving party is entitled to a judgment or order as a matter of law.'" Conley v. Guerrero, 228 N.J. 339, 346 (2017) (quoting Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016)); R. 4:46-2(c).

To determine whether there are genuine issues of material fact, we consider "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 406 (2014) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)). "An issue of material fact is 'genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact.'" Grande v. St. Clare's Health Sys., 230 N.J. 1, 24 (2017) (quoting Bhagat v. Bhagat, 217 N.J. 22, 38 (2014)). Factual issues of an unsubstantial nature are insufficient to preclude the granting of summary judgment. Brill, 142 N.J. at 540. Brill further instructs that if the evidence in the record is "so one-sided that one party must prevail as a matter

A-0902-20

of law . . . the trial court should not hesitate to grant summary judgment."  Ibid. (citation omitted).

The first step in a negligence action is to determine whether the defendant owed a duty to the plaintiff.  See Carvalho v. Toll Bros. & Dev., 278 N.J. Super. 451, 457 (App. Div. 1995), aff'd, 143 N.J. 565 (1996).  Determining whether or not a duty exists is a question of law, and therefore must be decided by a judge and not by a jury.  Wang v. Allstate Ins. Co., 125 N.J. 2, 15 (1991) (citation omitted).

At common law, a landlord was not responsible for harm caused by a dangerous condition once the lessee took possession of the property.  Szeles v. Vena, 321 N.J. Super. 601, 605 (App. Div. 1999) (citing Restatement (Second) of Torts § 356 (Am. L. Inst. 1965)).  Over time, courts have modified that general rule so that in certain circumstances, a landlord can be liable for injuries resulting from a dangerous condition on leased premises.  Ibid. (citing Restatement (Second) of Torts §§ 357–62).  The law governing the scope of duty in landlord-tenant negligence cases has evolved so that it may no longer be necessary in all cases for a plaintiff to prove that the landlord actively concealed a dangerous condition.  However, the critical inquiry remains whether the lessee was aware of the dangerous condition that caused injury.

A-0902-20

Our decision in Patton v. Tex. Co. has long served as a benchmark for determining landlord liability in negligence actions brought by tenants. 13 N.J. Super. 42 (App. Div. 1951). In Patton, the plaintiff sued the defendant landlord for an injury sustained during a fall while walking down the front steps. Id. at 44. The tenant had previously asked the landlord to repair the step, but the landlord was under no contractual obligation to do so and refused. Id. at 44–45. Then-Judge William Brennan found that "[a]s the defect was not latent, the landlord is not liable in the circumstances of this case to the tenants' invitee for injuries suffered on the premises by reason of the defect." Id. at 46. The court explained the general rule:

> that upon the letting of a house and lot there is no implied warranty or condition that the premises are fit and suitable for the use to which the lessee proposes to devote them and the landlord is therefore under no liability for injuries sustained by the tenant or the tenant's invitee by reason of the ruinous condition of the demised premises unless there has been fraudulent concealment of a latent defect.
>
> [Id. at 47 (citation omitted).]

In Szeles, we considered whether the rule announced in Patton remained good law in view of a series of rent abatement cases that held that residential leases carry an implied warranty or covenant of habitability. 321 N.J. Super. at 603. The plaintiff in that case had lived in the rented house for three years before

A-0902-20

injuring himself when he fell on a loose brick on an exterior staircase of the single-family residence. Id. at 602–03. In determining the legal principles that applied, we recognized that there had been "obvious inroads" to the Patton rule, "particularly involving multi-family dwellings." Id. at 606. Despite those inroads, we applied the general rule of Patton and held that the landlord was not liable to the plaintiff, noting "[t]his was clearly not a concealed condition." Id. at 607.

More recently, in Reyes v. Egner, the trial court granted the defendants' summary judgment motion after finding that the plaintiffs failed to prove that the lessors actively or fraudulently concealed the allegedly dangerous condition. 404 N.J. Super. 433, 438 (App. Div. 2009). On appeal, we questioned the "fraudulent concealment" requirement expressed in Patton, noting that "we hesitate to continue to impose upon plaintiffs an inflexible doctrinal requirement of proving the lessor's 'fraudulent concealment' of a dangerous condition." Id. at 459.

We concluded that this requirement was inapposite in the particular circumstances of that case. Reyes involved the rental of a summer beach house at the Jersey Shore for a two-week period straddling the Labor Day holiday. Id. at 438–39. In contrast, in Patton the plaintiff had been living in the rented

A-0902-20

premises for a few years on a month-to-month lease. 13 N.J. Super. at 44. We thus distinguished Patton, concluding that a tenant of such a short-term lease likely has no interest in doing a thorough pre-occupation inspection. Reyes, 404 N.J. Super. at 456–457. On that basis, we concluded that the discovery record, viewed in a light most favorable to the plaintiffs, raised genuine issues as to whether a vacationing lessee would have reasonably noticed the dangerous condition. Id. at 461.

We conclude Judge Padovano correctly applied these foundational legal principles to the undisputed facts. As we have noted, the critical inquiry is whether plaintiffs were aware of the alleged dangerous condition. Our de novo review of the record confirms that neither party disputes that: (1) defendant had not entered the premises at any point during plaintiffs' tenancy; (2) plaintiffs were solely responsible for the upkeep and maintenance of the stairway; (3) plaintiffs painted the risers in the recent past; and (4) plaintiffs had utilized the subject stairway hundreds if not thousands of times throughout their tenancy without incident, as it was the apartment's sole means of egress.

In these circumstances, we apply the Brill standard relating to "one-sided" evidence, 142 N.J. at 540, and hold that the trial court properly determined that

plaintiffs were aware of the condition of the stairs, and, therefore, correctly granted summary judgment in favor of defendant.

To the extent we have not specifically addressed them, any remaining arguments raised by plaintiffs lack sufficient merit to warrant discussion in this opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0902-20