**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2357-24

NOHEMY VARGAS,

    Plaintiff-Appellant,

v.

DELIA OROSCO and
RAMON OROSCO,

    Defendants-Respondents.

_____

Submitted December 9, 2025 – Decided January 7, 2026

Before Judges Sumners and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-1276-22.

Anthony Scordo, PC, attorney for appellant (Anthony Scordo III, of counsel and on the briefs).

Methfessel & Werbel, attorneys for respondents (Paul J. Endler, Jr., on the brief).

PER CURIAM

This case returns to us following a remand. Plaintiff appeals the renewal of summary judgment dismissing her negligence complaint. We are constrained to remand yet again with more specific instructions.

We presume the parties are familiar with the pertinent facts and procedural history, which are fully recounted in our prior opinion. See Vargas v. Orosco, No. A-3748-22 (App. Div. Aug. 8, 2024). Therefore, we need only briefly summarize the circumstances leading to this latest appeal.

This lawsuit arises from an accident that occurred on May 30, 2020, in which plaintiff was injured while descending the rear exterior staircase of her apartment building, owned by defendant landlords. Plaintiff filed a negligence complaint against defendants in May 2022. Following the completion of discovery, the trial court granted summary judgment for defendants, reasoning that because the staircase contained a latent defect unknown to both the tenant and defendant landlords, defendants had no duty to inspect the area where plaintiff fell.

Plaintiff appealed and we affirmed in part and remanded in part. Id. at 15. The critical issue on appeal was, and remains, whether defendants owed a duty of care to plaintiff. As we explained in our prior opinion, no tort liability is imposed upon a landlord if a plaintiff has exclusive control over a premises and

the landlord has no notice of the defect that caused plaintiff's injury.  See Szeles v. Vena, 321 N.J. Super. 601, 608 (App. Div. 1999) (concluding that a landlord is not liable in a tort action for a condition on a leased premises when the tenant has exclusive possession of the premises and the condition is unknown to the landlord).  In this instance, liability depends on whether the exterior staircase where plaintiff fell is a common area of the multi-unit building.  See Gonzalez v. Safe & Sound Sec. Corp., 185 N.J. 100, 121 (2005) (restating landlord's duty to keep common areas reasonably safe for tenants and their guests by conducting reasonable inspections to discover "latent dangerous conditions").

We concluded that the trial court's decision granting summary judgment in favor of defendants "is sound if the rear staircase is within plaintiff's exclusive control."  Vargas, slip op. at 11.  However, because the trial court had not made any finding on whether the rear staircase was a common area, we concluded that summary judgment dismissal was premature.  Id. at 11-12.

In reaching our conclusion, we highlighted the need for a "fact-sensitive determination."  Ibid.  Accordingly, we instructed the trial judge "to determine whether the rear staircase is a common area, applying the summary judgment standard of viewing the record in a light most favorable to the party opposing

3                                                                              A-2357-24

summary judgment." Id. at 12. We did not, however, expressly require the trial court to expand the existing record.

On remand, the trial court held a status conference and requested briefing from the parties. Oral argument was held on November 1, 2024, and on February 21, 2025, the trial court rendered an oral decision, accompanied by a supplemental order finding that the rear staircase was not a common area. The court thereupon renewed the summary judgment order dismissing plaintiff's complaint with prejudice.

The trial court reasoned that the staircase was not a common area based on plaintiff's deposition testimony and counterstatement of facts that the apartment was not properly registered with the city nor with the owner's insurance company. The trial court explained,

> It appears from the record that it may very well have been an illegal apartment, but it is clear from the record that the subject staircase was not for the common use or benefit of all the tenants of the premises. It was used by plaintiff to gain access to her attic unregistered apartment. It was not a communal staircase.

This second appeal follows. Plaintiff argues that the trial court violated our order by failing to make additional findings of fact and by failing to expand the record on remand.

4

We reiterate and stress that the trial court did not violate our prior instructions. The court dutifully made a finding on whether the staircase was a common area of the apartment building. In doing so, however, the court did not view the evidence in the light most favorable to plaintiff. Applying a de novo standard of review, see Rios v. Meda Pharm., Inc., 247 N.J. 1, 13 (2021), we conclude the evidence the trial court relied upon to grant summary judgment was not dispositive on the issue of whether the staircase was used by other tenants, see Brill v. Guardian Life Ins. Co. of America, 142 N.J. 520, 540 (1995) (holding that the key inquiry on a motion for summary judgment is whether the evidence presented, when viewed in the light most favorable to the non-moving party, "[is] sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party.").

Specifically, plaintiff testified at her deposition that she could access her apartment from both the front interior staircase and rear exterior staircase. Plaintiff further testified that the rear staircase had a landing on each floor. A fair inference can be drawn from that testimony that the landings on each floor had entry points into the other apartments so that the other tenants could likewise access their units via the rear staircase. Whether that is so is a question that remains unanswered.

5

Stated another way, nothing in the record establishes that the tenants living in "lawful" units either lack access to or have no need to use the exterior staircase. We note plaintiff testified she could access her apartment via the interior front staircase, suggesting that tenants in registered units might also use both staircases if the exterior staircase landings gave access to their units.

We deem these unresolved fact-sensitive questions critical to resolving, at the summary judgment stage, whether the staircase was under plaintiff's exclusive control or instead could be classified as a common area for purposes of the landlord's duty to inspect. We thus conclude the evidence relied on by the trial court was insufficient to warrant summary judgment. Cf. Brill, 142 N.J. at 540 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)) ("[W]hen the evidence 'is so one-sided that one party must prevail as a matter of law,' the trial court should not hesitate to grant summary judgment.").

We add that we have no quarrel with the trial court's inference that plaintiff occupied an "illegal" apartment—a circumstance that defendants would have been aware of. That determination, however, does not inexorably lead to the conclusion that the rear staircase only serviced defendant's unit, especially given her deposition testimony that there were landings on the other floors occupied by other tenants and that she could use the front interior staircase to

6

access her unit. Accordingly, there is nothing in the existing record that is "so one-sided" regarding whether the rear staircase was a common area that would demonstrate that defendants must prevail on that issue as a matter of law based on the current record. Brill, 142 N.J. at 540 (quoting Liberty Lobby, Inc., 477 U.S. at 252).

We note in this regard that the record is sparse. It contains no photographs of the area where plaintiff fell nor a site inspection report. Nor is there testimony from other tenants as to whether they had access to or ever used the rear staircase. Accordingly, a genuine issue of material fact persists as to whether the rear exterior staircase was a common area that defendants were required to inspect. Because the existing record is insufficient to demonstrate that one party must prevail as a matter of law, we instruct the trial court to permit limited discovery with respect to whether the staircase is a common area. Once that limited discovery is complete, the trial court may consider defendants' renewed summary judgment motion.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

7